JAMES N. WOOD, ADMINISTRATOR OF ELISHA WOOD, v. JEFFER-
SON SHURTLEFF.*

*Contract. Ambiguity. Witness. Practice.*

The words of a written contract in respect to the property conveyed thereby, were, "The condition of this obligation is such, that the said S., for the consideration of $650 paid to him by the said W., *it being all his personal property*, consisting of one horse, one cow, and notes to the above value, hath agreed," &c. It appeared that at the time of the execution of said contract, the parties thereto value the property named therein, at the exact sum of $650. W. also possessed other personal property at the time of the execution thereof. *Held*, that there was no ambiguity in said contract, and that parol evidence was not admissible to show that it was intended and agreed that such other property should be conveyed thereby.

In trover for property which once belonged to W., deceased, the defendant claimed title thereto by virtue of a written contract signed by W. and his wife, who was still living. The plaintiff claimed that said contract was void, for want of sufficient capacity in W. to execute it. The defendant claimed that it was but the reduction to writing of a verbal contract which he had previously made with W. alone, at a time when it was conceded that he was capable of contracting, and in which his wife was in no way interested. *Held*, that the defendant was not a competent witness to such verbal contract.

The fact that the plaintiff obtained a verdict for nominal damages, *held* not to preclude him, under the circumstances of this case, from the benefit of his exceptions.

TROVER for a horse, farming tools, carpenter's tools, one pair of boots, and household furniture. Plea, general issue, and trial by jury, May term, 1871, Windsor county, BARRETT, J., presiding.

The plaintiff claimed, and it was conceded, that the property sued for had been the property of Elisha Wood, the plaintiff's intestate. The defendant claimed title to the property by virtue of a written contract under seal, between himself and the said Elisha, and Mary Wood, wife of the said Elisha, providing for the support of the said Elisha and Mary by the defendant during life. The material part of the contract is stated in the opinion. It was conceded that the property which said contract purported to convey, and the property sued for, belonged to the said Elisha prior to the fall of 1863, and that his wife had no title thereto. Said contract was drawn in February, 1865, by one Daniel Taft,

*This case was decided at the general term in November, 1872.

but was not executed until July 1, 1865. At the time of its exe-
cution, the said Elisha was very sick, which sickness resulted in
his death on the morning of the 5th of said July.

The plaintiff claimed, and his evidence tended to show, that at
the time of the execution of said contract, the said Elisha, by rea-
son of his disease, was not of sound mind, and that he had not
sufficient capacity to make and enter into said contract ; and that
the contract had no vigor or effect by reason of said Mary's being
a party thereto. The defendant claimed that said Elisha had ca-
pacity to enter into said contract at the time of its execution ;
but that if he had not, then the defendant was entitled to hold
said property by virtue of verbal contract which he made with
said Elisha in the fall of 1863.

The defendant was offered as a witness in his own behalf. The
plaintiff objected that he was not a competent witness under the
statute. The court, *pro forma*, held that he was a competent
witness, and permitted him to testify, under objection. The
plaintiff also objected to the admissibility of defendant's tes-
timony, so far as it related to any verbal contract or understand-
ing with the said Elisha, and so far as it related to the capacity
of said Elisha at the time of the execution of the written con-
tract. The defendant testified, in substance, that he made a ver-
bal contract with the said Elisha in 1863 ; that said written con-
tract was the verbal contract, or the same as the verbal contract ;
that in pursuance of the verbal contract the said Elisha and wife
went to live with the defendant in November, 1863, at Taftsville,
Vt., and remained there with him till March, 1865, and then went
to live with the defendant in Chester, Vt., and remained there till
his death ; that the said Mary thereafter made it her home with
the defendant till some time in 1869, and that during said time
he supported them by virtue of said contract. The defendant
further testified, that at the time said Elisha executed said writ-
ten contract, his mind was as sound as it was in 1863, when he
first came to live with him. There was no pretence but that the
said Elisha was of sound mind, and had sufficient mental capacity
to make contracts at any time up to the commencement of his last
sickness, the last Tuesday in June, 1865. The defendant further

testified, that the said Elisha's personal property at the time Taft drew said contract, aside from the household effects and the carpenter's tools and farming tools, was a horse valued at $125 ; a cow, valued at $35 ; notes for $300 ; and money to the amount of $190 ; that the household goods and the tools sued for, they did not place much value upon, as it was expected the old people would use them, and wear them out in a measure, but that it was a part of the arrangement that the defendant was to have them, and that such was the understanding when said written contract was drawn.    The said Mary was a witness on behalf of the plaintiff, and testified in regard to the written and the verbal contract.

The court charged the jury, that if they found the said Elisha had not sufficient capacity to enter into and execute the written contract, and also found that he entered into a verbal contract in 1863, by which the defendant was to have the property and support the old people, and that, in pursuance of such verbal contract, the old people came to the defendant's to live, and the defendant supported them, then the plaintiff would not be entitled to recovery.    The court charged upon all points, satisfactorily to the plaintiff, except as herein stated.    The jury were instructed that they were at liberty to ascertain from the parol testimony, so far as they could, the intention of the parties as to conveying by the written instrument the tools and household furniture and effects ; that there was an ambiguity in the written contract ; that if the jury found that the parties, by the terms used in the written agreement and by the parol contract, intended to embrace the tools, household furniture and effects, and that the said Elisha entered into said written contract, having sufficient capacity to comprehend what the contract was about—its purposes, and terms at the time he executed it—then the plaintiff could not recover for the same.    The plaintiff excepted to the charge as above detailed. Verdict for the plaintiff for one dollar damages.

*George L. Fletcher*, for the plaintiff.

The contract as claimed by defendant, having been reduced to writing, parol evidence was inadmissible to enlarge or explain its

meaning. The defendant's introducing and relying upon the written contract, it being the same as the verbal contract, estopped him from showing by parol any other or different terms than those embraced in the written instrument. There is no ambiguity in the written contract ; testimony is not admissible to show its contents. The written contract embraces none of the property sued for, except the horse, valued at $125. *Ripley* v. *Paige*, 12 Vt. 353 ; *Hickok et al.* v. *Stevens*, 18 Vt. 111.

Mary Wood being under the disability of coverture, was totally incapable of giving consent, or being a party, to the contract ; she and her husband must be regarded as one person in this case, and the contract, the sole contract of the husband. Bing. Inf. 180 ; 2 Kent Com. (10th ed.) 112, 174 ; *Martin* v. *Dwelly et al.* 6 Wend. 1 ; *Jackson* v. *Vanderheyden*, 17 Johns. 167 ; Reeve Dom. Rel. 98.

Elisha Wood being dead, and Mary Wood not being a *contracting party*, there is no person living with whom the defendant made the contract, and by the statute, defendant was excluded as a witness. Gen. Sts. ch. 36, § 24. The case showing that Mary Wood had no legal interest in the property which was to pass by the contract, her disability is not removed, and the case does not come within any of the exceptions to the common law. *Richardson* v. *Daggett*, 4 Vt. 336, and the cases there cited, are in accord with the common law. 1 Bright. Husb. & Wife, ch 5 ; *Richardson*, *admr.* v. *Estate of Merrill et al.* 32 Vt. 27 ; *Holmes* v. *Admr. of Holmes*, 28 Vt. 765 ; *Caldwell*, *admr.* v. *Renfrew*, 33 Vt. 213.

If the contract be enforced against the defendant, it must be done by the administrator of Elisha Wood, for Mary Wood takes no additional right by her husband's death ; it was his contract, in which he provided for his and her support. *Sanders* v. *Filley*, *admr.* 12 Pick. 554.

*L Adams*, for the defendant.

We insist that the defendant comes within the exception of the statute, and was a competent witness. Mary Wood was a party to the contract in issue, and was living and competent to testify, and did testify for the plaintiff. *Read* v. *Sturtevant*, 40 Vt. 521 ;

*Hollister, admr.* v. *Young,* 42 Vt. 403 ; *Dawson, admr.* v. *Wait,* 41 Vt. 626 ; *Thrall et al.* v. *Seward, admr.* 37 Vt. 573 ; *Smith* v. *Potter,* 27 Vt. 304 ; 11 Allen, 525 ; 44 Barb. 456. The contract was made for her benefit in part, and upon a sufficient considera-tion, and can be enforced, since her husband's death, in her own name. She might have been joined with the husband in his life-time, in a suit to enforce it. *Richardson* v. *Daggett,* 4 Vt. 335; *Executors of Schoonmaker* v. *Elmendorf,* 10 Johns. 49. It is quite immaterial whether she was bound by the contract or not, or whether it had any validity as to her. The statute makes no distinction as to the real or nominal party, or as to the validity or invalidity, legality or illegality, of the contract ; the only ques-tion being, is there a living party to the contract, whatever it was, who can and is competent to testify.

The objection to the defendant's testimony in regard to the ver-bal contract, rests upon the same ground. But the verbal con-tract was different in no respect from the written contract, as ap-pears from the defendant's testimony ; consequently, Mary Wood was a party to the verbal contract. 99 Mass. 572 ; 7 Md. 315.

If the charge of the court is objectionable, it is on the part of the defendant, and not on the part of the plaintiff; because, we contend that the written contract in terms, conveyed all the per-sonal property of Elisha Wood to the defendant, and parol evi-dence was inadmissible to show that only a part was intended to be conveyed, for this would vary the written contract. *Hibbard* v. *Hurlbut,* 10 Vt. 173 ; *Morrow* v. *Willard,* 30 Vt. 118 ; *Car-penter* v. *Millard et al.* 38 Vt. 9 ; *Rood et al.* v. *Johnson,* 26 Vt. 64. If the contract on its face is ambiguous, and does not in law necessarily convey all the personal property of the intestate to the defendant, then it is open to parol evidence, to show what property was intended to be conveyed ; and all the circumstances attending the transaction, and the subsequent conduct of the par-ties, are to be taken into the account. *Rugg et al.* v. *Hale,* 40 Vt. 138 ; *Wing* v. *Gray,* 36 Vt. 261 ; *Holbrook* v. *Holbrook,* 30 Vt. 432 ; *In re Merrill Bingham,* 32 Vt. 330 ; *Carpenter* v. *Mil-lard et als. supra ; Gray, admr.* v. *Clark et al.* 11 Vt. 583 ; *Hart*

43

v. *Hammett*, 18 Vt. 127 ; *Lowry et al.* v. *Adams*, 22 Vt. 160 ; *Rood et al.* v. *Johnson*, *supra*.

No objection was taken to the introduction of parol evidence to the jury, and it was too late to claim that the jury should be instructed to disregard it. *Hills* v. *Marlboro*, 40 Vt. 648. If it be conceded that the charge was erroneous, the plaintiff was not injured by it, for he obtained a verdict, and cannot therefore complain of the charge. No objection was made to the charge upon the question of damages. *Spaulding* v. *Robbins et al.* 42 Vt. 90 ; *Castleton* v. *Langdon*, 19 Vt. 210 ; *Ross* v. *Burlington Bank*, 1 Aik. 43 ; *Danforth* v. *Evans*, 16 Vt. 538.

The consideration of a deed may always be contradicted or varied by parol evidence. The personal property named in the written contract was the consideration only for the defendant's promise, and might therefore be varied by parol. Again, the contract states that the property had been *paid* to the defendant. It was proper, therefore, to show *what property had been paid to the defendant by Elisha Wood by virtue of the contract.* *Holbrook* v. *Holbrook*, *supra* ; *Winn* v. *Chamberlin*, 32 Vt. 320 ; *Harwood* v. *Est. of Harwood*, 22 Vt. 507.

If the jury found the intestate of unsound mind at the time he signed the contract, then the whole rested in parol. And, for aught appearing, the jury may have so found.

The opinion of the court was delivered by

PIERPOINT, Ch. J.   The defence in this case is placed upon two grounds.

I.   That defendant acquired a title to the property in question by virtue of a written contract entered into between him and Elisha Wood, who, at the time, owned the property, and Mary Wood, the wife of the said Elisha, executed the first day of July, 1865.

II.   That if the written contract was not valid by reason of the mental incapacity of the said Elisha to make the contract (as is claimed by the plaintiff), then, by virtue of a verbal contract of the same tenor, entered into between him and the said Elisha, in the fall of 1863, when it is conceded he had the requisite capacity.

The written contract, on its face, does not include any of the

property sued for, except the horse. The language used in the contract in respect to the property conveyed is as follows: "The condition of this obligation is such, that the said Jefferson Shurtleff, for the consideration of six hundred and fifty dollars, paid to him by the said Elisha Wood, it being all his personal property, consisting of one horse, one cow, and notes to the above value, hath agreed," &c. It is insisted that, inasmuch as the said Elisha had other personal property besides that named in the writing, that the writing is ambiguous, and that parol testimony was admissible to show that such other personal property was agreed and intended to be conveyed by the instrument; and against the objection of the plaintiff, parol testimony for that purpose was admitted by the court. In this we think there was error. The words, "it being all his personal property," are limited and controlled by the words following: "Consisting of one horse, one cow, and notes to the above value." If he had been the owner of notes to a much larger amount than six hundred and fifty dollars, would it be claimed that all his notes would pass under the words first named, when, by the very terms of the instrument, their operation is limited to notes sufficient, with the horse and cow, to make the sum of $650? And we think no ambiguity arises from the situation of the parties and the surrounding circumstances, as proved upon the trial; for the defendant himself testifies that at the time the contract was made, the said Elisha had the horse, valued at $125; the cow, valued at $35; and notes and cash on hand to just the amount of $650.

As to the verbal contract, the defendant was offered as a witness in his own behalf. The plaintiff objected that he was not a competent witness under the statute, the said Elisha being dead. He was admitted, and testified that in 1863, he made a verbal contract with the said Elisha; that "the written contract was the verbal contract, or the same as the verbal contract made with said Elisha in 1863." If this was so, what has already been said applies to this as well as to the written contract; but he further says that it was a part of the arrangement that he was to have the property in question. As he says this contract was made with Elisha, and nowhere intimates that Mary Wood was a

party to it, we think he was not a compctent witness, and should have been excluded.  Whether the fact that Mary Wood was named in the written instrument as a party to it and signed it, makes the defendant a witness in respect to it, so far as parol evidence is admissible, the said Mary being now living, is a question on which we have difficulty in coming to a conclusion, and it is not decided.

The fact that the plaintiff recovered for $1, under the circumstances developed in this case, does not preclude him from the benefit of his exceptions.

Judgment reversed, and cause remanded.